```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------X
M. LADY, LLC,                       :
                 Plaintiff,         :   06 Civ. 0194 (HBP)
      -against-                     :   OPINION
                                        AND ORDER
AJI, INC. and ANTHONY J. IATI,      :
                 Defendants.        :
-----------------------------------X
```

PITMAN, United States Magistrate Judge:

I.  Introduction

Plaintiff, M. Lady, LLC ("Lady"), brings this action against AJI, Inc. ("AJI") and Anthony J. Iati ("Iati") (collectively, "defendants") alleging copyright infringement. Plaintiff now moves for summary judgment on the issue of liability pursuant to Rule 56(c) of the Federal Rules of Civil Procedure, contending there are no genuine issues of material fact with respect to its claims for copyright infringement and vicarious infringement.  Defendants have not responded to the motion.

The parties consented to my exercising plenary jurisdiction in this matter pursuant to 28 U.S.C. § 636(c).  For the reasons set forth below, plaintiff's motion is granted.

II.  <u>Facts</u>

      Lady, a corporation that designs and sells handmade jewelry to high-end department stores and specialty stores, alleges that the defendants infringed its copyrights in two jewelry designs (<u>see</u> Plaintiff's Rule 56.1 Statement ("Pltf. 56.1") at ¶ 1). The first is titled "Lady Brooch MBM" and is the subject of U.S. Copyright Registration No. VA 1-252-810 (<u>see</u> Pltf. 56.1 at ¶ 10; Copy of U.S. Copyright Registration No. VA 1-252-810 ("Copyright VA 1-252-810"), annexed as Exhibit 2 to Declaration of Richard S. Schurin, Esq., dated Jan. 16, 2007 ("Schurin Decl.")). Lady Brooch MBM, which is composed of colored beads and wire, is designed in the shape of a flower with fourteen petals, two leaves, and a stem (<u>see</u> Pltf. 56.1 at ¶ 7; Samples of Plaintiff's Jewelry, annexed as Exhibit 1 to Schurin Decl.). The second jewelry design is titled "SBM-2" and is the subject of U.S. Copyright Registration No. VA 1-296-962 (<u>see</u> Pltf. 56.1 at ¶ 11; Copy of U.S. Copyright Registration No. VA 1-296-962 ("Copyright VA 1-296-962"), annexed as Exhibit 2 to Schurin Decl.). SBM-2, which is also made of colored beads and wire, is designed in the shape of a flower, with eight petals, two leaves, and a stem (<u>see</u> Pltf. 56.1 at ¶ 7; Samples of Plaintiff's Jewelry, annexed as Exhibit 1 to Schurin Decl.). Ms. Mindy Lam designed Lady Brooch MBM in May 2001 and SBM-2 in January 2005 (<u>see</u> Pltf. 56.1 at ¶¶ 8-9; Copyright VA 1-252-810 &

Copyright VA 1-296-962, annexed as Exhibit 2 to Schurin Decl.). Lady is the sole owner of the copyrights in both jewelry designs (see Pltf. 56.1 at ¶ 6).

On January 11, 2006, Lady commenced this action against defendant AJI, a company that imports and sells jewelry and other products to retail stores (see Pltf. 56.1 at ¶ 2; Complaint at ¶ 16). On March 27, 2006, Lady, in an amended complaint, added a claim against defendant Iati, contending he is personally liable for any copyright infringement by AJI (see Amended Complaint at ¶¶ 31-39). Iati is the President, Chief Executive Officer, and Chairman of AJI (see Pltf. 56.1 at ¶ 3; Copy of Entity Information for AJI from New York State, Department of State, Division of Corporations Website ("Entity Information"), annexed as Exhibit 6 to Schurin Decl.). Lady contends that jewelry items sold by defendants violate Lady's exclusive copyright interests in Lady Brooch MBM and SBM-2 (see Pltf. 56.1 at ¶ 14; Samples of Defendants' Jewelry, annexed as Exhibit 3 to Schurin Decl.).

Lady now moves for summary judgment on its claims for (1) copyright infringement against defendants and (2) vicarious infringement against Iati. As noted above, defendants have not responded to the motion.

III. Analysis

    A.    Summary Judgment Standard

The standards applicable to a motion for summary judgment are well-settled and require only brief review.

> Summary judgment shall be granted when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c). This form of relief is appropriate when, after discovery, the party -- here plaintiff -- against whom summary judgment is sought, has not shown that evidence of an essential element of her case -- one on which she has the burden of proof -- exists. See Celotex Corp. v. Catrett, 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). This form of remedy is inappropriate when the issue to be resolved is both genuine and related to a disputed material fact. An alleged factual dispute regarding immaterial or minor facts between the parties will not defeat an otherwise properly supported motion for summary judgment. See Howard v. Gleason Corp., 901 F.2d 1154, 1159 (2d Cir. 1990). Moreover, the existence of a mere scintilla of evidence in support of nonmovant's position is insufficient to defeat the motion; there must be evidence on which a jury could reasonably find for the nonmovant. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).
>
> If the movant demonstrates an absence of a genuine issue of material fact, a limited burden of production shifts to the nonmovant, who must "demonstrate more than some metaphysical doubt as to the material facts," and come forward with "specific facts showing that there is a genuine issue for trial." Aslanidis v. United States Lines, Inc., 7 F.3d 1067, 1072 (2d Cir. 1993). If the nonmovant fails to meet this burden, summary judgment will be granted against it.

Powell v. Nat'l Bd. of Med. Exam'rs, 364 F.3d 79, 84 (2d Cir. 2004); accord Jeffreys v. City of New York, 426 F.3d 549, 553-54 (2d Cir. 2005); Gallo v. Prudential Residential Servs., Ltd., 22

F.3d 1219, 1223-24 (2d Cir. 1994).  "The party seeking summary judgment has the burden to demonstrate that no genuine issue of material fact exists. . . .  In determining whether a genuine issue of material fact exists, a court must examine the evidence in the light most favorable to, and draw all inferences in favor of, the non-movant . . . .  Stated more succinctly, '[t]he evidence of the non-movant is to be believed.'"  Lucente v. Int'l Bus. Machs. Corp., 310 F.3d 243, 253-54 (2d Cir. 2002) (citations omitted); accord Jeffreys v. City of New York, supra, 426 F.3d at 553 ("Assessments of credibility and choices between conflicting versions of the events are matters for the jury, not for the court on summary judgment."); see also Make the Road by Walking, Inc. v. Turner, 378 F.3d 133, 142 (2d Cir. 2004); Dallas Aerospace, Inc. v. CIS Air Corp., 352 F.3d 775, 780 (2d Cir. 2003).

   Even where a motion for summary judgment is unopposed, as is plaintiff's motion here, the motion cannot be granted on default, nor can it be granted solely on the basis of a non-controverted statement from plaintiff pursuant to Local Civil Rule 56.1.  It can only be granted if the court determines that the movant is entitled to judgment as a matter of law.  See Vt. Teddy Bear Co. v. 1-800 Beargram Co., 373 F.3d 241, 243-47 (2d Cir. 2004); UMG Recordings, Inc. v. Francis, 06 Civ. 4435 (LTS) (THK), 2007 WL 2438421 at *2 (S.D.N.Y. Aug. 28, 2007).

B.   Lady's Copyright Infringement Claim

To establish a claim for copyright infringement, plaintiff must prove "(1) ownership of a valid copyright, and (2) copying [by defendant] of constituent elements of the [plaintiff's] work that are original."  Feist Publ'ns, Inc. v. Rural Tel. Serv. Co., 499 U.S. 340, 361 (1991); accord Boisson v. Banian, Ltd., 273 F.3d 262, 267 (2d Cir. 2001); Yurman Design, Inc. v. Golden Treasure Imps., Inc., 275 F. Supp.2d 506, 513 (S.D.N.Y. 2003).

1.   Ownership of Valid Copyright

A "certificate of a [copyright] registration made before or within five years after first publication of the work shall constitute prima facie evidence of the validity of the copyright[.]"  17 U.S.C. § 410(c); see also Boisson v. Banian, Ltd., supra, 273 F.3d at 267; Odegard, Inc. v. Costikyan Classic Carpets, Inc., 963 F. Supp. 1328, 1334 (S.D.N.Y. 1997).  In addition, a copyright registration certificate raises a rebuttable presumption that the plaintiff's work is copyrightable.  See Fonar Corp. v. Domenick, 105 F.3d 99, 104 (2d Cir. 1997); Odegard, Inc. v. Costikyan Classic Carpets, Inc., supra, 963 F. Supp. at 1334.  A copyright registration is

effective on the day the Copyright Office receives and the Register of Copyrights deems acceptable an application, deposit, and fee.  See 17 U.S.C. § 410(d); Odegard, Inc. v. Costikyan Classic Carpets, Inc., supra, 963 F. Supp. at 1334.

Lady has established that no genuine issue of material fact exists concerning the validity of their copyrights in the jewelry designs of Lady Brooch MBM and SBM-2.  As to Lady Brooch MBM, Lady received a Certificate of Registration from the Copyright Office for its design of Lady Brooch MBM that states the application was accepted as complete on June 29, 2004 (see Copyright VA 1-252-810, annexed as Exhibit 2 to Schurin Decl.).  The certificate's effective date is the same day (see Copyright VA 1-252-810, annexed as Exhibit 2 to Schurin Decl.)  Also, the certificate notes that the first publication of plaintiff's work was on May 31, 2001 (see Copyright VA 1-252-810, annexed as Exhibit 2 to Schurin Decl.).  Since the effective date of the certificate is within five years of the date of first publication, plaintiff's certificate serves as prima facie evidence of a valid copyright.  Thus, a rebuttable presumption rises that Lady possesses a valid copyright in the design of Lady Brooch MBM.  See Fonar Corp. v. Domenick, supra, 105 F.3d at 104 ("'[P]ossession of a registration certificate creates a rebuttable presumption that the work in question is

copyrightable.'"), quoting Whimisically, Inc. v. Rubie's Costume Co., 891 F.2d 452, 455 (2d Cir. 1989).

As to SBM-2, Lady received a Certificate of Registration from the Copyright Office for its design of SBM-2 with an effective date of January 24, 2005 (see Copyright VA 1-296-962, annexed as Exhibit 2 to Schurin Decl.)  The certificate also notes that the first publication of SBM-2 was January 9, 2005 (see Copyright VA 1-296-962, annexed as Exhibit 2 to Schurin Decl.).  Because the effective date of the certificate is also within five years of the date of first publication, plaintiff's certificate for SBM-2 serves as prima facie evidence of a valid copyright.  As with Lady Brooch MBM, plaintiff sets forth evidence that is sufficient to raise a rebuttable presumption that plaintiff holds a valid copyright in the design of SBM-2.

Lady's certificates, therefore, shift the burden to the defendants to show that these copyrights are invalid.  The Court of Appeals for the Second Circuit has stated that "the presumption of validity may be rebutted '[w]here other evidence in the record casts doubt on the question.'"  Fonar Corp. v. Domenick, supra, 105 F.3d at 104, quoting Durham Indus., Inc. v. Tomy Corp., 630 F.2d 905, 908 (2d Cir. 1980).  Evidence sufficient to rebut the presumption of validity has included proof that the work has been copied from the "public domain . . .

[or] that the work was a non-copyrightable utilitarian article[.]"  Fonar Corp. v. Domenick, supra, 105 F.3d at 104.

Here, the defendants have put forth no evidence whatsoever in response to Lady's contention that it holds valid copyrights in the designs of its jewelry.  Consequently, the defendants have not rebutted the presumption of validity that attaches to the designs of Lady Brooch MBM and SBM-2.

### 2. Actual Copying and Illegal Copying

To prevail on its motion for summary judgment for copyright infringement, plaintiff must also show that no genuine issue of material fact exists as to whether defendants (1) "have actually copied [plaintiff's] works" and (2) "that such copying was illegal because a 'substantial similarity' exists between the defendants' jewelry designs and the protectable elements of the plaintiff's designs."  Yurman Design, Inc. v. Golden Treasure Imps., Inc., supra, 275 F. Supp.2d at 516; see also Odegard, Inc. v. Costikyan Classic Carpets, Inc., supra, 963 F. Supp. at 1336 ("To prove the second element of a copyright claim, infringing copying, the plaintiffs must demonstrate both that the defendants have actually copied their works, and that such copying was illegal because a 'substantial similarity' exists between the defendants' [design] and the protectable elements of the plaintiffs' [design].").

a. <u>Actual Copying</u>

Plaintiff may show actual copying by direct evidence or, in the absence of direct evidence, by showing (1) "that the defendant had access to the plaintiff's work" and (2) "that the works are similar enough to support an inference that the defendant copied the plaintiff's work." <u>Fischer-Price, Inc. v. Well-Made Toy Mfg. Corp.</u>, 25 F.3d 119, 123 (2d Cir. 1994); <u>see also</u> <u>Odegard, Inc. v. Costikyan Classic Carpets, Inc.</u>, <u>supra</u>, 963 F. Supp. at 1336.[1] Indirect evidence of actual copying may be rebutted "if the defendant can show that its work was independently created." <u>Odegard, Inc. v. Costikyan Classic Carpets, Inc.</u>, <u>supra</u>, 963 F. Supp. at 1336. In its motion papers, plaintiff argues that actual copying is established because defendants had access to Lady's jewelry and there exists a substantial similarity between defendants' jewelry and plaintiff's jewelry (<u>see</u> Plaintiff's Memorandum of Law in Support of Its Motion for Summary Judgment, dated Jan. 16, 2007 ("Plaintiff's Mem. of Law"), at 4-6).

---

[1] The case law on copyright infringements uses the phrase "substantial similarity" in two contexts. First, it is used to establish actual copying of the work by the defendant. When used here, it is sometimes referred to as "probative similarity." Second, the phrase is also used when analyzing whether the defendant illegally copied the plaintiff's copyrighted work. <u>See generally</u> <u>Laureyssens v. Idea Group, Inc.</u>, 964 F.2d 131, 140-41 (2d Cir. 1992) (discussing the differences between probative similarity and substantial similarity).

10

Access may be inferred "when the defendant had a reasonable opportunity to view the [plaintiff's] work before creating its own."  Odegard Inc. v. Costikyan Classic Carpets, Inc., supra, 963 F. Supp. at 1336; see also Laureyssen v. Idea Group, Inc., supra, 964 F.2d at 140 ("A common form of indirect proof of [actual] copying . . . is a showing of defendant's opportunity to come into contact with plaintiff's work . . . ."). Wide dissemination of plaintiff's work may serve as a basis for inferring access by the defendants.  See ABKCO Music, Inc. v. Harrisongs Music, Ltd., 722 F.2d 988, 998 (2d Cir. 1983); Odegard, Inc. v. Costikyan Classic Carpets, Inc., supra, 963 F. Supp. at 1336.

Plaintiff has demonstrated that the defendants had access to the Lady Brooch MBM and SBM-2 designs.  First, plaintiff points to the defendants' statement that they received the "design and photograph" for both Lady Brooch MBM and SBM-2 through a "communication" from an associate at another company in the jewelry business (Defendants' Answers to Plaintiff's First Set of Interrogatories, dated Oct. 17, 2006 ("Def. Answers"), No. 14, annexed as Exhibit 4 to Schurin Decl.).  Second, plaintiff's jewelry designs have been the subject of a magazine article published in the May, 2003 edition of "Women's Wear Daily" (see Copy of Article in "Women's Wear Daily," annexed as Exhibit 5 to

Schurin Decl.). Defendants do not rebut these factual assertions. Therefore, the plaintiff has established access.

In addition to proving access, plaintiff must also demonstrate that there exists a substantial similarity between the plaintiff's designs and the defendants' allegedly infringing designs. The inquiry into similarity here -- as opposed to the inquiry into whether defendants have illegally copied -- refers to "the entire work, not just the protectible elements." Fischer-Price, Inc. v. Well-Made Toy Mfg. Corp., supra, 25 F.3d at 123; Odegard, Inc. v. Costikyan Classic Carpets, Inc., supra, 963 F. Supp. at 1337. In this context, courts have referred to "substantial similarity" as "probative similarity" because the similarities here "are offered as probative of the act of copying[.]" Laureyssens v. Idea Group, Inc., supra, 964 F.2d at 140; see also Odegard, Inc. v. Costikyan Classic Carpets, Inc., supra, 963 F. Supp. at 1337 ("'Probative similarity' . . . requir[es] only that there are similarities between the two works that would not be expected to arise if the works had been created independently.").

A side-by-side comparison of Lady Brooch MBM and the defendants' allegedly infringing jewelry leads to the conclusion that these pieces are probatively similar. As plaintiff's motion papers note, both brooches have an overall similar design: each has fourteen petals, two leaves, a white center, and a cut-off

12

stem that juts out below the flower about an inch and a half (compare Samples of Plaintiff's Jewelry, annexed as Exhibit 1 to Schurin Decl., with Samples of Defendants' Jewelry, annexed as Exhibit 3 to Schurin Decl.).  In addition, the same number of crystals are used for each corresponding petal on both pieces of jewelry (compare Samples of Plaintiff's Jewelry, annexed as Exhibit 1 to Schurin Decl., with Samples of Defendants' Jewelry, annexed as Exhibit 3 to Schurin Decl.).  The congruence between these jewelry designs give rise to a compelling inference that defendants copied from plaintiff's design.  By showing both access and probative similarity, plaintiff has established that defendants actually copied Lady Brooch MBM.

A comparison between SBM-2 and the defendants' allegedly infringing jewelry reveals that these jewelry designs are probatively similar, as well.  Both jewelry pieces have an overall similar design, including having eight petals concentrically arranged (three petals inside of five) (compare Samples of Plaintiff's Jewelry, annexed as Exhibit 1 to Schurin Decl., with Samples of Defendants' Jewelry, annexed as Exhibit 3 to Schurin Decl.).  Moreover, both pieces use similar colors and are almost the exact same size (compare Samples of Plaintiff's Jewelry, annexed as Exhibit 1 to Schurin Decl., with Samples of Defendants' Jewelry, annexed as Exhibit 3 to Schurin Decl.).  As with the earlier comparison, the similarities between SBM-2 and

the defendants' corresponding piece are too substantial to have reasonably arisen independently.  By showing both access and probative similarity, plaintiff has also proven that defendants actually copied SBM-2.

Lastly, defendants have failed to offer any evidence to rebut plaintiff's showing of actual copying.

### b. Illegal Copying

To succeed on its copyright infringement claim, plaintiff must demonstrate, in addition to actual copying, that no genuine issue of material fact exists as to illegal copying of its jewelry designs.  As the Court of Appeals for the Second Circuit has stated, "[p]arrotry does not always mean piracy[.]" Fischer-Price, Inc. v. Well-Made Toy Mfg. Corp., supra, 25 F.3d at 123.  Thus, "[c]opying is illegal only when there is a 'substantial similarity between the defendants' work and the protectible elements of [the plaintiff's works].'"  Odegard, Inc. v. Costikyan Classic Carpets, Inc., supra, 963 F. Supp. at 1338, quoting Knitwaves, Inc. v. Lollytogs Ltd., 71 F.3d 996, 1002 (2d Cir. 1995).  The protectible elements of the plaintiff's work refers to the "particular means of expressing an idea[.]" Fischer-Price, Inc. v. Well-Made Toy Mfg. Corp., supra, 25 F.3d at 123; see also Odegard, Inc. v. Costikyan Classic Carpets, Inc., supra, 963 F. Supp. at 1338 ("In determining the

protectable elements of the [plaintiff's] works, a copyright does not protect an idea, but only the expression of an idea.") (quotations omitted).

In analyzing substantial similarity under the illegal copying prong, courts employ the "ordinary observer test," which asks "whether the ordinary observer, unless he set out to detect the disparities [between the two works], would be disposed to overlook them, and regard their aesthetic appeal as the same." Laureyssens v. Idea Group, Inc., supra, 964 F.2d at 141 (quotations omitted). In applying this test:

> [D]issimilarity between some aspects of the works will not automatically relieve the infringer of liability, for 'no copier may defend the act of plagiarism by pointing out how much of the copy he has not pirated.' . . . It is only when the similarities between the protected elements of plaintiff's work and the allegedly infringing work are of 'small import quantitatively or qualitatively' that the defendant will be found innocent of infringement.'"

Williams v. Crichton, 84 F.3d 581, 588 (2d Cir. 1996), quoting Rogers v. Koons, 960 F.2d 301, 308 (2d Cir. 1992).

Courts apply a different test -- the "more discerning ordinary observer test" -- where the plaintiff's work contains both protectible and non-protectible elements. See Boissen v. Banian, Ltd., supra, 273 F.3d at 272 (2d Cir. 2001); see also Fournier v. Erickson, 202 F. Supp.2d 290, 295 n.12 (S.D.N.Y. 2002) ("Although the tests substantially overlap in their analyes, the discerning observer test is usually reserved for

those situations where the plaintiff alleging infringement has himself or herself borrowed artistic elements already in the public domain.").

The threshold question, therefore, is which test to apply here. Plaintiff's papers seem to suggest that the "ordinary observer test" should be applied (Plaintiff's Mem. of Law at 6). Because the works in issue -- pieces of jewelry that depict flowers in a non-literal manner -- are expressions of a single item without multiple elements, the ordinary observer test is clearly the appropriate test. Plaintiff's works do not use protectible and non-protectible elements, and, therefore, the more discerning ordinary observer test is not applicable.

The facts of this case parallel those in Yurman Design, Inc. v. Golden Treasure Imps., Inc., supra, 275 F. Supp.2d 506, in which the court applied the ordinary observer test when analyzing whether a substantial similarity existed between the plaintiff's cable jewelry and the defendant's accused cable jewelry. See Yurman Design, Inc. v. Golden Treasure Imps., Inc., supra, 275 F. Supp.2d at 517. In explaining why the more discerning observer test did not apply, the Yurman court reasoned that "although the jewelry designs . . . are created from a combination of common elements, the designs are protected in their entirety because it is the combination of elements that is copyrighted." Yurman Design, Inc. v. Golden Treasure Imps.,

Inc., supra, 275 F. Supp.2d at 517 (emphasis added).  The court in Yurman concluded that "[i]t makes no sense . . . to look at the designs by excluding elements such as cable and gemstones and consider what is left."  Yurman Design, Inc. v. Golden Treasure Imports, Inc., supra, 275 F. Supp.2d at 517.

       Plaintiff has successfully demonstrated the absence of a genuine issue of material fact as to substantial similarity.  Plaintiff has provided a declaration and samples of the plaintiff's and defendants' jewelry that together, plaintiff contends, show that an ordinary observer would regard both pairs of jewelry as the same.  These assertions, together with the court's own side-by-side comparison of the jewelry, are sufficient to shift the burden of production on this issue to the defendants.  Because the defendants have failed to put forth "specific facts showing that there is a genuine issue for trial[,]" Aslanidis v. United States Lines, Inc., supra, 7 F.3d at 1072 -- indeed, the defendants have failed to put forth any facts as to any issue --  plaintiff has established that there is no genuine issue of material fact as to substantial similarity.

       In sum, because plaintiff has demonstrated an absence of genuine issues of material fact as to both elements of copyright infringement -- (1) ownership of a valid copyright and (2) copying by the defendants of original elements of the plaintiff's work -- and because defendants have failed to put

forth any arguments or facts in opposition, the plaintiff's motion for summary judgment for copyright infringement is granted.

    C.    <u>Lady's Vicarious Infringement Claim</u>

To establish that Iati is vicariously liable for copyright infringement, plaintiff must show that the officer (1) had a financial interest in the company and (2) the ability to supervise or control an infringing activity.  <u>See</u> <u>Softel, Inc. v. Dragon Med. & Scientific Commc'n, Inc.</u>, 118 F.3d 955, 971 (2d Cir. 1997); <u>Shapiro, Bernstein & Co. v. H.L. Green Co.</u>, 316 F.2d 304, 307 (2d Cir. 1963); <u>Design Tex Group, Inc. v. U.S. Vinyl Mfg. Corp.</u>, 04 Civ. 5002 (JSR), 2005 WL 2063819 at *4 (S.D.N.Y. Aug. 24, 2005); <u>Lauratex Textile Corp. v. Allton Knitting Mills Inc.</u>, 517 F. Supp. 900, 904 (S.D.N.Y. 1981) ("An individual, including a corporate officer, who has the ability to supervise infringing activity and has a financial interest in that activity is personally liable for the infringement.").

Lady has demonstrated that there is no genuine issue of material fact as to Iati's financial interest in AJI and his ability to control and supervise the infringing activities of AJI.  Iati is President, Chairman, and Chief Executive Officer of AJI (<u>see</u> Entity Information, annexed as Exhibit 6 to Schurin Decl.).  Moreover, in his answers to interrogatories, Iati stated

that AJI had gross receipts of $3,260.40 for the sale of the allegedly infringing jewelry, resulting in profits of $1,455.74 to AJI and Iati himself (see Def. Answers, Nos. 1 & 4, annexed as Exhibit 4 to Schurin Decl.).  Thus, Iati had a financial interest in AJI.  See, e.g., U.S. Media Corp. v. Edde Entm't Corp., 94 Civ. 4849 (MBM)(MHD), 1998 WL 401532 at *7 ("It is equally apparent that [defendant] . . . as the dominant shareholder, had a direct financial interest in the company's 'exploitation of copyrighted materials.'" (quoting Softel, Inc. v. Dragon Med. & Scientific Commc'n, supra, 118 F.3d at 971)).

As to Iati's ability to supervise and control the infringing acts of AJI, the fact that he holds two executive positions -- Chief Executive Officer and President -- and is Chairman of AJI's board of directors is sufficient to satisfy this element.  Courts in this district have imposed vicarious liability for copyright infringement in similar situations.  See, e.g., Design Tex Group, Inc. v. U.S. Vinyl Mfg. Corp., supra, 2005 WL 2063819 at *4 ("It is obvious that [defendant], the president and sole owner (with his wife) of this small company, had the ability to supervise the infringing activity.").

Lady, therefore, has met its initial burden of production on its vicarious liability claim, thereby shifting the burden to defendants to show that a genuine issue of material fact exists.  Because defendants have failed to respond, Lady's

motion for summary judgement as to its claim for vicarious liability against Iati is granted.

IV. Conclusion

For the reasons set forth above, plaintiff's motion for summary judgment on the issue of liability is granted as to its claim for copyright infringement and vicarious infringement. Counsel are directed to report for a conference on October 30, 2007 at 10:00 a.m. in Courtroom 18A, United States Courthouse, 500 Pearl Street, New York, New York 10007 to consider how plaintiff's damages will be assessed.

Dated:   New York, New York
         September 19, 2007

SO ORDERED

_____
HENRY PITMAN
United States Magistrate Judge

Copies mailed to:

Richard S. Schurin, Esq.
George Gottlieb, Esq.
Gottlieb, Rackman & Reisman, P.C.
270 Madison Avenue
New York, New York  10016

Joel A. Grossbarth, Esq.
Tognino & Grossbarth, LLP
50 Route 9W (Monte Plaza)
Stony Point, New York  10980